# Palmer et al., Appellants, *v.* Uplift Publishing Company.

*Contracts—Sales—Affidavit of defense—Sufficiency — Defective goods—Late delivery.*

In an action to recover the purchase-price of goods, sold and delivered to the defendant, an affidavit of defense is sufficient which avers that the deliveries of the goods, which were intended for the holiday trade, were late and that the goods were therefore useless; that they were improperly packed, defectively manufactured and not according to representation; that upon their delivery defendant promptly notified plaintiffs of such facts; that an attempt to dispose of the goods, made at plaintiff's request, was ineffectual; that defendant notified plaintiffs to remove the goods and made formal tender of same to plaintiffs, and that plaintiffs refused to take them.

Argued Jan. 11, 1917.  Appeal, No. 161, Jan. T., 1916, by plaintiffs, from judgment of C. P. No. 1, Philadelphia Co., March T., 1915, No. 2469, discharging rule for judgment for want of a sufficient affidavit of defense in case of Dean Palmer and Arthur Russell Richards, copartners, trading as Palmer and Richards v. Uplift Publishing Company, a corporation.  Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.  Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.  Before BREGY, P. J.

From the record it appeared that plaintiffs entered into a contract with defendant to deliver 15,000 sets of the "Armies of the World Painting Method," consisting of military figures and flags.

The contract provided that the first 250 sets were to be delivered "between the 15th and 25th of September, 1914.  Remainder as per arrangement after printing order is placed."  The price per set was twenty-five cents. The statement of claim averred that on October 23, 1914,

plaintiff delivered 14,750 sets to the defendant and defendant thereupon became indebted to the plaintiff for the same in the sum of $3,687.50. Plaintiff further averred that on or about October 23d, at the special instance and request of the defendant the plaintiff sold and delivered to the defendant 10,000 extra flags, at $7 per thousand, and 6,000 extra flags at $5 per thousand, and the defendant thereby became indebted to the plaintiff in the further sum of $100; and that the defendant was entitled to a certain credit of $60. The statement asserted a total claim of $3,377.50.

The affidavit of defense and supplemental affidavits, in substance, averred (1) that while the contract under which the goods were sold required the first delivery of 250 sets to be made before September 25, 1914, the first delivery was not made until October 23, 1914, and that 14,750 sets were then delivered instead of 250 sets required for the first delivery; (2) that on October 9, 1914, defendant verbally notified plaintiff that the goods would be useless if delivered late; (3) that defendant admitted purchasing on October 23, 1914, 10,000 extra flags, at $5 per thousand, but not at $7 per thousand as averred in the statement, and another lot of 6,000 extra flags at $5 per thousand, but did not agree to pay more than $5 per thousand for either of the extra lots; (4) that when the goods arrived they were broken as the result of improper packing; (5) that they were defectively printed so that the register of the color plates was imperfect, presenting an obvious imperfection, and rendering the sale of the articles impossible; (6) that the goods as delivered were not according to sample; (7) that defendant promptly notified plaintiff of the condition of the goods and that they were not as represented, and refused to accept them and asked what disposition of the shipments should be made; (8) that at the request of the defendant plaintiff attempted to dispose of the goods but was unable to do so; (9) that thereafter defendant notified plaintiff to remove the goods and made formal tender

and offered to return same; (10) that such tender was rejected and refused by the plaintiff; and (11) defendant further set up a counter-claim for the loss resulting from the alleged breach of the contract on the part of the plaintiff.

The lower court discharged plaintiffs' rule for judgment for want of a sufficient affidavit of defense. Plaintiffs appealed.

*Error assigned,* among others, was in discharging plaintiffs' rule for judgment for want of a sufficient affidavit of defense.

*Arthur F. Schneider,* for appellants.

*I. G. Gordon Forster,* with him *Rowland C. Evans,* for appellees.

PER CURIAM, January 29, 1917:

We think the facts averred in the affidavit of defense are sufficient to send the case to a jury, and, therefore, the rule for judgment for want of a sufficient affidavit of defense was properly discharged.

Judgment affirmed.